Prepared by:
Donald F. Campbell, Jr., Esq. (DC8924)

**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Suite 300
Red Bank, NJ 07701
(732) 741-3900
Attorneys for Creditor, Velox International
Shipping, Inc.

In re:

NATALIYA PIDGORODETSKA,

                Debtor.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY,
TRENTON VICINAGE**

Chapter 7

Case No.   13-15740 (MBK)

Judge: Hon. Michael B. Kaplan, U.S.B.J.

Hearing: February 24, 2014, 10:00 a.m.

### CERTIFICATION OF DONALD F. CAMPBELL, JR.

1.	I am an attorney at law in the State of New Jersey and a shareholder of the law firm Giordano Halleran & Ciesla, P.C., counsel to Velox International Shipping, Inc. ("Velox"), a creditor in the above-captioned bankruptcy case.  In that capacity, I have knowledge of the matters set forth herein.

2.	I submit this certification in support of Velox's motion to compel the Debtor, Nataliya Pidgorodetska (the "Debtor") to respond to a Rule 2004 subpoena and to domesticate her engagement ring.

3.	The Debtor states in her Schedule A that she owns the real property located at 226 Nebula Road, Piscataway, New Jersey 08854 (the "Property") and that the value of her interest in the Property is only $133,840.00.

4.      However, in Schedule D, the Debtor stated that the total value of the Property is $267,680.00 and that there is a first mortgage on the Property for the amount of $240,000.00.

5.      At the meeting pursuant to section 341 of the Bankruptcy Code, the Debtor stated that the Property is jointly owned with her mother, which is why she stated that the value of her interest is only half the full value of the Property.

6.      Velox is in possession of a recording of the 341 hearing, which is available to the court and other parties upon request.

7.      Velox believes that the Debtor actually purchased the Property herself and fraudulently transferred a fifty percent (50%) interest in the Property to her elderly mother to avoid paying her creditors.

8.      Consequently, on June 24, 2013, Velox served the Debtor with a Subpoena for Rule 2004 Examination (the "Subpoena").  A copy of the Subpoena and the Proof of Service are attached hereto as Exhibit A.

9.      Pursuant to the Subpoena, the Debtor was required to produce all documents related to the Debtor's purchase of the Property, including, but not limited to, any contract for sale, loan agreement, promissory note, mortgage, security agreement, closing statement, HUD statement, deed and title insurance, as well as any documents related to the Debtor's lease of the Property.

10.     The Subpoena also requested the Debtor to permit access to the Property so that Joseph Fisher, a Certified Appraiser, could inspect the Property.

11.      Although the Debtor initially did not respond to the Subpoena, on October 11, 2013, the Debtor did permit a real estate appraiser to perform the inspection.

12.     The  inspection  revealed  that  the  Property  is  worth  $317,000,  which  is

approximately $50,000 more than the amount stated in the Debtor's Schedule D.  A copy of the Appraisal Report dated as of October 11, 2013 prepared by Joseph Fisher is attached hereto as Exhibit B.

13. However, the Debtor still has not produced any of the requested documents.

14. As these documents may demonstrate that the Debtor is the sole owner of the Property and that she has a substantial amount of equity in the Property, Velox requests that the Court compel her to produce the documents.

15. Further, the Debtor also revealed during the 341 meeting that she received an engagement ring from her husband and that the ring is located overseas.

16. The Debtor did not disclose this valuable asset, which is property of the estate, in her schedules.

17. The Debtor should be compelled to domesticate her engagement ring in the United States so that the Chapter 7 Trustee can determine its value and possibly liquidate it for the benefit of the Debtor's unsecured creditors.

18. If the debtor fails to produce the ring, the debtor should be denied her discharge.


I certify under penalty of perjury that the foregoing statements are true and correct.


DATED:  January 27, 2014                    /s/    Donald F. Campbell, Jr.
                                            DONALD F. CAMPBELL, JR.

Docs #1505276-v1