# GIORDANO, HALLERAN & CIESLA
### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

**DONALD F. CAMPBELL, JR., ESQ.**                                    (732) 741-3900
SHAREHOLDER                                                          FAX: (732) 224-6599
DCAMPBELL@GHCLAW.COM
DIRECT DIAL: (732) 219-5494                                          www.ghclaw.com

January 27, 2014

Client/Matter No. 18622-1

**<u>Via Electronic Filing</u>**
Hon. Michael B. Kaplan, U.S.B.J.
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      RE:    In re Nataliya Pidgorodetska
              Case No. 13-15740-MBK

Your Honor:

     This firm represents Velox International Shipping, Inc. ("*Velox*"), a creditor in the above referenced bankruptcy case. On or about June 24, 2013, Velox served the Debtor, Nataliya Pidgorodetska (the "*Debtor*"), with a Subpoena for Rule 2004 Examination (the "*2004 Subpoena*") requesting that the Debtor produce all documents related to the Debtor's purchase of certain real property (as described herein) to determine the value of the Debtor's interest in the property. The 2004 Subpoena also requested that the Debtor grant an appraiser access to the property to determine the correct value of the property. Although the Debtor eventually permitted Velox's appraiser to inspect the property, the Debtor has still failed to produce the requested documents. Notwithstanding the Debtor's failure to produce the documents, the Debtor has never formally supplied a written objection to any of the document requests. Accordingly, Velox seeks the entry of an order compelling the Debtor to produce the documents requested in the 2004 Subpoena. Velox further requests that the Court order the Debtor to domesticate her engagement ring.

     In lieu of filing a formal brief, Velox requests that the Court accept this letter brief in support of the motion to compel the Debtor to produce the documents requested in the 2004 Subpoena and to domesticate her engagement ring.

### Statement of Facts

     On March 9, 2012, Velox filed a Complaint against the Debtor, as well as Pavel Lyutenko ("*Lyutenko*"), and Allied International Shipping, Inc. ("*Allied*"), captioned <u>Velox Int'l Shipping, Inc. v. Allied Int'l Shipping, Inc. et al.</u>, in the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0590-12 (the "*Law Division Action*"). <u>See</u> Certification of Donald F. Campbell, Jr. ("*Campbell Cert.*") at ¶ 3. In the Law Division Action Velox alleged,

---

# GIORDANO, HALLERAN & CIESLA

### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

Hon. Michael B. Kaplan, U.S.B.J.
January 27, 2014
Page 2

*inter alia*, that the Debtor, while employed by Velox, improperly copied and/or used Velox's proprietary information to solicit customers away from Velox, for the benefit of Allied, a competitor corporation formed by Lyutenko. Id. at ¶ 4. Velox asserted claims against the Debtor for misappropriation of trade secrets, wrongful disclosure of trade secrets, breach of fiduciary duties, tortious interference with contractual relations, tortious interference with prospective economic advantage, unfair competition, quasi-contract/unjust enrichment, conversion and defamation. Id. at ¶ 5. Due to the Debtor's failure to provide Velox with responses to its discovery requests, the court in the Law Division Action entered an Order Suppressing Defendant Nataliya Pidgorodetska's Answer and Affirmative Defenses With Prejudice and Directing the Clerk to Enter a Default on the Docket. Id. at ¶ 6.

On March 20, 2013, the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "*Bankruptcy Code*"), which stayed the Law Division Action and prevented Velox from obtaining a default judgment against the Debtor.[1] The Debtor states in her Schedule A that she owns the real property located at 226 Nebula Road, Piscataway, New Jersey 08854 (the "*Property*") and that the value of her interest in the Property is only $133,840.00. Id. at ¶ 8. However, in Schedule D, the Debtor stated that the total value of the Property is $267,680.00 and that there is a first mortgage on the Property for the amount of $240,000.00. Id. at ¶ 9. At the meeting pursuant to section 341 of the Bankruptcy Code, the Debtor stated that the Property is jointly owned with her mother, which is why she stated that the value of her interest is only half the full value of the Property.

Velox believes that the Debtor actually purchased the Property herself and fraudulently transferred a fifty percent (50%) interest in the Property to her mother to avoid paying her creditors. Id. at ¶ 11. Consequently, on June 24, 2013, Velox served the Debtor with the 2004 Subpoena. Id. at ¶ 12, Exhibit A. Pursuant to the Subpoena, the Debtor was required to produce all documents related to the Debtor's purchase of the Property, including, but not limited to, any contract for sale, loan agreement, promissory note, mortgage, security agreement, closing statement, HUD statement, deed and title insurance, as well as any documents related to the Debtor's lease of the Property. Id. at ¶ 13, Exhibit A. The Subpoena also requested the Debtor to permit access to the Property so that Joseph Fisher, a Certified Appraiser, could inspect the Property. Id. at ¶ 14, Exhibit A.

Although the Debtor initially did not respond to the Subpoena, on October 11, 2013, the Debtor did permit Joseph Fisher to perform the inspection. Id. at ¶ 15. The inspection revealed that the Property is worth $317,000, which is approximately $50,000 more than the amount

---

[1] Velox has also commenced an adversary proceeding against the Debtor to have the debt owed to Velox declared non-dischargeable. (See Case No. 13-1663). The Adversary Proceeding is unrelated to the matters related to the 2004 Subpoena.

**GIORDANO, HALLERAN & CIESLA**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Hon. Michael B. Kaplan, U.S.B.J.
January 27, 2014
Page 3

stated in the Debtor's Schedule D.  Id. at ¶ 16, Exhibit B.  However, the Debtor still has not produced any of the requested documents.  Id. at ¶ 17.  As these documents may demonstrate that the Debtor is the sole owner of the Property and that she has a substantial amount of equity in the Property, Velox requests that the Court compel her to produce the documents.  Id. at ¶ 18.

Further, the Debtor also revealed during the 341 meeting that she received an engagement ring from her husband and claims the ring is located overseas with her husband.  Id. at ¶ 19.  The Debtor did not disclose this valuable asset, which is property of the estate in her schedules.  Id. at ¶ 20.  Since its value likely exceeds the maximum amount of the allowed exemption for jewelry ($1,450.00), the Debtor should be compelled to domesticate her engagement ring in the United States so that the Chapter 7 Trustee can determine its value and possibly liquidate it for the benefit of the Debtor's unsecured creditors.

**Legal Argument**

**A. The Court Should Compel The Debtor To Produce The Documents Requested In The 2004 Subpoena.**

Since the 2004 Subpoena is intended to help the Chapter 7 Trustee ascertain the correct value of the Debtor's interest in the Property, the Debtor should be compelled to produce the requested documents.  Pursuant to Fed. R. Bankr. P. 2004(b), a party in interest may compel an examination of any entity so long as it is related to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  Fed. R. Civ. P. 2004.  The scope of a Rule 2004 examination is "even broader than discovery under the [Fed. R. Civ. P.], which themselves contemplate broad, easy access to discovery," and has been described as a "fishing expedition."  In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr.E.D.Pa. 1990).  Rule 2004 examinations are broad because they are intended "to allow a trustee, or others interested in accomplishing the same ends, to discover and investigate how to bring to light possession of assets of the debtor which might be intentionally concealed or overlooked in ignorance or haste."  Id.  See also In re Symington, 209 B.R. 678, 683-84 (Bankr.D.Md. 1997) (explaining that Rule 2004 necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates and discovery of assets of the estate or fraudulent conduct).

Rule 2004(c) further provides that "[t]he attendance of an entity for examination and for the production of documents…may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial."  Fed. R. Bankr. P. 2004(c).  Rule 9016 merely incorporates Rule 45 of the Federal Rules of Civil Procedure to cases under the Bankruptcy Code.  Fed. R. Bankr. P. 9016.  Pursuant to Fed. R. Civ. P. 45(d)(2)(B), a person commanded to produce documents may serve a written objection to copying any or all of the designated materials on the party

**GIORDANO, HALLERAN & CIESLA**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Hon. Michael B. Kaplan, U.S.B.J.
January 27, 2014
Page 4

specified in the subpoena on or before the earlier of the time specified for compliance or 14 days after the subpoena is served.  If the subpoenaed party makes such an objection, the serving party may move the issuing court for an order compelling production or inspection.  Fed. R. Civ. P. 45(d)(2)(B)(i).

Here, the documents requested by the 2004 Subpoena will reveal the correct ownership of the Property, which will affect administration of the Debtor's estate.  Although the Debtor claims that her mother owns a one-half interest in the Property, Velox suspects that the Debtor is the sole owner of the Property or that the Debtor fraudulently transferred a one-half interest in the Property to her mother to avoid certain claims, including the claims asserted by Velox in the Law Division Action.  Importantly, the inspection of the Property revealed that it has a value of $317,000, which is almost $50,000 more than the value stated by the Debtor in Schedule D.  Since the Debtor stated that the first mortgage on the Property is only $240,000, the Debtor would have approximately $80,000 of equity in the Property if she is the sole owner, and the Chapter 7 Trustee may want to list the Property for sale.

Further, the Debtor failed to timely object to the 2004 Subpoena pursuant to Fed. R. Civ. P. 44(d)(2)(B).  Thus, it is unclear why the Debtor has failed to produce the documents requested by the 2004 Subpoena.  In addition, courts ordinarily treat the failure to make timely objections to a subpoena as a waiver of objections, except in unusual circumstances and for good cause.  In re Rule 45 Subpoena Issued to Cablevision Sys. Corp., 2010 U.S. Dist. Lexis 40653, 2010 WL 2219343 at *16-17 (E.D.N.Y. Feb. 5, 2010).  Consequently, the Debtor has waived any possible objections to the 2004 Subpoena.  Accordingly, she should be compelled to produce the requested documents.

**B.  The Debtor Should Be Compelled To Domesticate Her Engagement Ring.**

The Debtor also disclosed during the meeting of creditors pursuant to section 341 of the Bankruptcy Code that she owns an expensive engagement ring that is presently located overseas.  This valuable asset was not disclosed anywhere in her schedules.  However, since the estate is comprised of all legal and equitable interests of the Debtor in property as of the commencement of the case, wherever located and by whomever held, the Chapter 7 Trustee should be provided with an opportunity to determine the value of this asset and, if appropriate, liquidate the asset for distribution to creditors.  See 11 U.S.C. § 541(a)(1).  See also Sovereign Bank v. Schwab, 414 F.3d 450, 452 (3d Cir. 2005) ("Property of the bankruptcy estate is defined as 'all legal or equitable interests of the debtor in property as of the commencement of the case' wherever located by whomever held.").

**GIORDANO, HALLERAN & CIESLA**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Hon. Michael B. Kaplan, U.S.B.J.
January 27, 2014
Page 5

### Conclusion

Based on the foregoing, Velox respectfully requests that the Court compel the Debtor to produce the documents requested in the 2004 Subpoena and to domesticate her engagement ring.

Respectfully submitted,

/s/ *Donald F. Campbell, Jr.*

DONALD F. CAMPBELL, JR.

cc:   Alla Kachan, Esq.
      Andrea Dobin, Chapter 7 Trustee

Docs #1506703-v1